### RICHARD VOSBURGH *vs.* JOHN W. MOAK & others.

Where several persons were engaged in playing a game of ball in the public highway, and a traveller lawfully passing thereon was accidentally struck by the ball, it was held, that all the persons so engaged were liable in trespass; provided, that, from the width of the road, and the number of persons usually passing thereon, for the ordinary purposes of travel, the game was of such a character as to be likely to endanger the safety of travellers and passengers, and that the individual, by whom the ball was thrown, was acting in the usual manner of persons engaged in such game.

THIS was an action of trespass, to recover damages for an injury sustained by the plaintiff, from being struck by a ball, thrown by some one of the defendants, who were engaged in a game of wicket.

At the trial, which took place in the court of common pleas, before *Forbes*, J., it appeared, that, on the 8th of April, 1846, the plaintiff was driving with a one horse wagon along a public highway, in the village of Great Barrington, where the defendants and others, to the number of twelve or more, were, at the time, playing a game of wicket; and, while so passing, the plaintiff was struck in the pit of the stomach and much injured by the ball which the players were using.

The highway, where the accident occurred, was four rods in width, three of which were occupied by the travelled path, and was very considerably used for the purpose of travel. On the west side of this road, at the place in question, there was a store, and on the east there were several buildings, one of which was a large flouring mill. The defendants had often played ball in the same place before, and one witness said he had seen ball playing there a hundred times.

At the time of the accident, Fayar Hollenbeck, one of the defendants, whose part in the game was to catch the ball

after it had been struck, and to throw it back to the person whose business it was to roll it, was stationed in a north-easterly direction from the latter, whose station was at one of the wickets. The plaintiff had passed the wicket a little, and was west of a direct line from Hollenbeck to the person at the wicket. At this moment, Hollenbeck threw the ball with an intention to throw it to the person at the wicket; but the ball being wet, it slipped in his hand, when he was in the act of throwing it, and was thus turned from the intended direction, and struck the plaintiff as already stated.

The other defendants were engaged in the game with Hollenbeck, but they had no other connection with him in the act of throwing the ball.

The defendants requested the court to instruct the jury, that if they should be satisfied, that Hollenbeck designed to throw the ball to one of the other players, — that it was thrown with such design and slipped in his hand, — that, by accident, on his part, he hit the plaintiff, — and that the other defendants had nothing to do with the throwing of the ball in this particular instance, although engaged in the general play, — then such other defendants would not be responsible for the injury occasioned by the accident.

The presiding judge declined to give these instructions, but instructed the jury as follows: "That if the defendants were all engaged in the game of wicket in the public high-way, and, if, from the situation of the road, the number of persons passing, or other cause, the game there was of such a character, as to endanger or expose to injury the persons travelling along the road, or their property, and the injury was received by the plaintiff, while travelling along the road, without any fault on his part, the defendants would all be liable in this action; provided the party who threw the ball was acting in the usual manner of persons engaged in the game, although his object was merely to return the ball, and it took a different direction from that intended, by slipping in his hand, and taking a direction towards the plaintiff."

*H. Byington & H. L. Dawes,* for the defendants, referred

to *Barnes* v. *Hurd,* 11 Mass. 57; *M'Manus* v. *Crickett,* 1 East, 106; *Scott* v. *Shepherd,* 1 Smith's L. C. 210, note; Roscoe's C. E. 167; 2 Stark. Ev. 7; *Moody* v. *Ward,* 13 Mass. 299; 3 Steph. N. P. 2634; *Philadelphia, &c., Railroad Co.* v. *Wilt,* 4 Wharton, 143.

*I. Sumner,* for the plaintiff, cited *Morgan* v. *Varick,* 8 Wend. 587; *Phillips* v. *Hall,* 8 Wend. 610; *Williams* **v.** *Sheldon,* 10 Wend. 654; 3 Steph. N. P. 2635; *Gregory* v. *Piper,* 9 Barn. & Cres. 591; 2 Greenl. on Ev. § 622; *Higginson* v. *York,* 5 Mass. 341; Dunlap's Practice, 21; *Wintringham* v. *Lafoy,* 7 Cowen, 735; *Guille* v. *Swan,* 19 Johns. 381.

DEWEY, J. The liability of Fayar Hollenbeck, one of the defendants, does not seem to have been questioned in the prayer for instructions, but the court was asked to instruct the jury, as to the other defendants, that under a certain state of facts assumed by the defendant's counsel, they ought not to be charged in this action. To decide upon this question, however, it becomes necessary to look at the facts as found or admitted in the case, as applicable to all the parties, and the nature of their associated action.

All the defendants were engaged in a game of wicket on a public highway of four rods in width, and three of which were the travelled path. The plaintiff was travelling on the highway in a wagon, with his wife. The plaintiff was in the lawful occupation of the road, and had a right to pass thereon, free from any obstruction, or any exposure to casualties from those occupying the highway for purposes other than passing thereon. The defendants were using the highway for a purpose foreign from the appropriate use of the same. Whether the occupation of a portion of the highway by persons engaged in a game of wicket would necessarily and under all circumstances be a nuisance and punishable as such, it is not necessary now to consider. It is enough that the act of the parties associated in such game upon a public highway becomes illegal, when it endangers the safety of persons actually travelling upon such road. The highway is established for the convenience of travellers, and the use of

,it for any game or sport, that actually exposes or puts to hazard the personal safety of the traveller thereon, is not justifiable, and subjects the party thus using the road improperly, to the payment of all damages occasioned thereby to the traveller. The limits of this road, the amount of travel thereon, the nature of the game, and the circumstances under which the plaintiff received the injury, show a clear case of liability on the part of the person, by whose immediate agency the injury was occasioned. The injury was direct, and was properly the subject of an action for trespass. The further inquiry then is, were all the associates in this game of wicket jointly liable for this trespass? If liable at all, they were liable in trespass, as they were present and engaged in the game when the injury was inflicted. The ground taken in defence is, that if this injury resulted from an accidental misdirection of the ball in the hands of one of the players, the others ought not to be responsible therefor. It may be difficult, in some cases, to define the line with entire satisfaction, as to the cases, where an association or many persons are engaged in a common object, and an injury is inflicted by one individual, without intentional concurrence on the part of the others, or even without intention on the part of the individual who inflicts the injury, and yet the whole number engaged in the common object be liable jointly for the damages sustained by the injured party. However that may be, we think no difficulty exists in the present case. The rule as stated by the presiding judge was stated with entire accuracy and under proper limitations.

The ruling of the court embraced the following requisites or facts necessary to be established before the jury should return a verdict against the defendants as joint trespassers : 1st. It must be shown that the parties were engaged in a common pursuit of a game at wicket on the public highway. 2d. That the game was of such a character, that from the width of the road and the number of persons usually passing thereon, it would endanger persons travelling on the publ.c highway. These instructions would require that the plaintiff

should satisfy the jury, that the defendants had entered upon a common pursuit of dangerous tendency, which might result in an injury to one using the highway for the ordinary purpose of travel. 3d. The further instruction was, that it was also necessary to charge the defendants, that the individual who threw the ball, which occasioned the injury, should have been acting in the usual manner of persons engaged in the game of wicket. We think these elements all that were necessary to constitute a joint liability, and to render all those engaged in the common object joint trespassers.

*Exceptions overruled.*